# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEVIN L. STOUDT,**

       **Plaintiff,**

**-vs-**                 **Case No. 6:08-cv-1015-Orl-28DAB**

**C T WINDOWS, INC.,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 25)**
>
> **FILED:**   December 12, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's Complaint and Motion to Approve Settlement, Plaintiff was employed as an installer by Defendant from September 8, 2003 to June 12, 2008. Doc. No. 1. The settlement to Plaintiff of $1,168 in unpaid wages represents the full disputed amount Plaintiff sought. Doc. No. 25.

The parties have agreed that Defendant will pay Plaintiff's attorneys $1,362 in attorney's fees and costs, which the court estimates at $400 for the filing fee and service of process. Doc. No. 24-2. The Court finds that for a total of $962 in fees, at an estimated hourly rate of $300, Plaintiff's counsel would have devoted approximately 3.2 hours to Plaintiff's case. The amount of time spent was consistent with that spent in similar FLSA cases. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

The settlement to Plaintiff of $1,168 in unpaid wages and $1,362 in attorney's fees and costs is a fair and reasonable settlement. Accordingly, it is respectfully **RECOMMENDED** the Joint

Motion for Entry of Order of Dismissal with Prejudice (Doc. No. 25) **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy